IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  14-cv-01289-LTB-BNB

SALLY RODRIGUEZ,

      Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

      Defendant.

_____

# ORDER
_____

      This Fair Debt Collection Practices Act ("FDCPA") case is before me on Plaintiff Sally Rodriguez's Motion for Attorney's Fees [Doc. # 13].  Her motion follows the Court's entry of judgment against Defendant Midland Credit Management, Inc.  I have reviewed the motion, Defendant's response [Doc. # 15], Plaintiff's reply [Doc. # 16], and all exhibits thereto.  Oral argument would not materially assist me in determining this motion.  As explained below, I **GRANT IN PART** and **DENY IN PART** the motion and award Plaintiff $2,650.00 of the $3,275.00 in attorney's fees that she has requested.

## I.  Background

      On May 7, 2014, Plaintiff filed her complaint against Defendant, in which she alleged a violation of the FDCPA, 15 U.S.C. § 1692, *et seq*., and sought damages, costs, and attorney's fees.  Doc. # 1.  On July 2, 2014, Defendant made an offer of judgment under Federal Rule of Civil Procedure 68 in the amount of $1000.01 plus costs and reasonable attorney's fees.  Doc. # 9-1.  The offer provided that the Court would determine reasonable attorney's fees if the

parties were unable to reach agreement.  *Id.*  On July 18, 2014, Plaintiff accepted the offer.  Doc. # 9.  The Court entered judgment and taxed costs against Defendant in the amount of $470.00. Docs. # 10, 12.  The parties have been unable to reach agreement on the attorney's fees issue. Accordingly, Plaintiff filed the instant motion.

## II.  Law

The FDCPA allows a prevailing plaintiff to recover costs and a "reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  The "lodestar" amount of fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Anchondo v. Anderson, Crenshaw & Assocs.*, 616 F.3d 1098, 1102 (10th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).  The lodestar is a "presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo*, 616 F.3d at 1102 (citing *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542 (2010)). "The burden of proving the claimed number of hours and rate is on the applicant."  *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  The "determination of fees should not result in a second major litigation."  *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011).  The goal is to "do rough justice, not to achieve auditing perfection."  *Id.*  Accordingly, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."  *Id.*

## III.  Analysis

### A.  Hourly Rate

Plaintiff has been represented by attorney David M. Larson in this case.  She seeks to recover fees based on his hourly rate of $250.00.  Defendant does not contest this rate.  I and

other judges in this District routinely approve this rate for Mr. Larson in FDCPA cases based on his skill, experience, and reputation.  *See, e.g., Alexander v. Stellar Recovery, Inc.*, No. 13-CV-02280-LTB-MJW, 2014 WL 2993654, at *2 (D. Colo. July 3, 2014); *Varley v. Midland Credit Mgmt., Inc.,* No. 11-CV-02807-REB-MJW, 2012 WL 2107969, at *1 (D. Colo. June 11, 2012); *White v. Cavalry Portfolio Servs., LLC,* No. 11-cv-2217-LTB-KLM, 2012 WL 899280 (D. Colo. Mar. 16, 2012).  I see no reason to revisit this issue and find Mr. Larson's rate reasonable.  I now turn to the second part of the lodestar calculation and ask how much of the time that Mr. Larson expended on this case was reasonable.

**B.  Hours Expended**

Time entries provided by Plaintiff indicate that Mr. Larson spent 11.5 total hours working on this case, including time spent working on the instant motion.  Plaintiff has "voluntarily reduc[ed] the hours requested by 12% for billing discretion from 11.5 hours to 10.1 hours."  Mot. at 3 [Doc. # 13].  However, she also estimated in the instant motion that Mr. Larson would spend an additional 3.0 hours reviewing Defendant's response and drafting a reply.  She seeks fees for this time as well, bringing her total request to 13.1 hours.  Defendant argues that 6.0 hours is a more reasonable overall figure and makes several arguments in support of limiting the fee award.  I address these arguments in turn.

First, Defendant argues that it was unreasonable for Mr. Larson to spend 4.5 hours conducting a pre-suit fact investigation and drafting the complaint.  The time entries indicate Mr. Larson spent 2.8 hours meeting with Plaintiff, listening to an audio recording, reviewing six credit reports, reviewing telephone records, reviewing correspondence between the parties, and having a follow-up call with Plaintiff after the meeting.  Doc. # 13-1 at 1.  Mr. Larson spent 1.7

hours drafting the complaint. *Id.* Defendant argues that this time is excessive because this lawsuit was based on a "5 minute phone call" and "credit reports relating to one credit entry." Resp. at 7 [Doc. # 15]. Defendant also notes that Mr. Larson regularly litigates FDCPA cases and that the complaint in this case mirrors complaints he has filed in other cases. *Id.* These arguments are not persuasive. Counsel have an obligation to investigate factual allegations before including them in a complaint. *See* Fed. R. Civ. P. 11. Spending 4.5 hours to conduct a pre-suit investigation into the facts, draft a complaint, and meet and follow up with one's client is not unreasonable on its face, even in a routine matter. I note that the complaint contains numerous factual allegations specific to this case. *See, e.g.,* Compl. ¶ 31 [Doc. # 1] ("In July 2013 the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its employees."). Accordingly, I find these time entries to be reasonable and decline to reduce them.

Second, Defendant takes issue with several entries of .1 hours each for reviewing "routine documents via the CM/ECF system, most of which are entered in virtually every case," including a return of service and the judgment. Resp. at 9 [Doc. # 15]. Counsel have a responsibility to be apprised of docket entries, even "routine" ones, and billing six minutes for reviewing each document is not excessive. *See Anchondo,* 616 F.3d at 1106 ("We fail to see an abuse of discretion in allowing an allotment of six minutes to the review of even single-page documents."). I note that Mr. Larson has taken care to bill in tenth-hour increments, which other courts have recognized is the "most precise billing approach." *Bd. of Educ. of Frederick Cnty. v. I.S. ex rel. Summers*, 358 F. Supp. 2d 462, 470 (D. Md. 2005); *Am. Civil Liberties Union v. U.S. Dep't of Homeland Sec.*, 810 F. Supp. 2d 267, 279 (D.D.C. 2011). Accordingly, I find these

time entries reasonable.

Third, Defendant objects to Mr. Larson's billing for tasks that it describes as "clearly administrative in nature." Resp. at 9 [Doc. # 15]. "[N]on-compensable clerical or administrative tasks" include such things as "e-filing court documents, converting documents into PDFs, and sending emails to the Court regarding service of process." *Howard v. Midland Credit Mgmt., Inc.*, No. 11-CV-03123-PAB-BNB, 2012 WL 4359361, at *4 (D. Colo. Sept. 24, 2012) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). Mr. Larson did not bill for such tasks here. Rather, Defendant appears to focus on Mr. Larson's billing for drafting letters to his client and drafting a bill of costs. Resp. at 9 [Doc. # 15]. These tasks are properly handled by an attorney. With respect to the letters, I note that "[c]onsumer cases, like this one, frequently involve unsophisticated clients who require additional efforts by a lawyer to explain the workings of the judicial process." *King v. Midland Credit Mgmt., Inc.*, No. 11-CV-02808-CMA-BNB, 2012 WL 3590788, at *1 (D. Colo. Mar. 1, 2012), *report and recommendation adopted as modified*, 2012 WL 3590787 (D. Colo. Aug. 20, 2012). Accordingly, I see no reason to reduce the fee award on the grounds that Mr. Larson billed his client for any clerical or administrative work.

Fourth, Defendant notes certain inefficiencies with regard to Mr. Larson's communications with his client. Specifically, Defendant identifies instances where Mr. Larson phoned his client and then followed up with a letter. For example, on June 15, 2014, Mr. Larson billed .2 hours for a "Phone call to client, Letter to client," apparently in regards to an "email from Defense counsel" that Mr. Larson received that same day. Doc. # 13-1 at 2. This is not an unreasonable amount of time to spend communicating with one's client regarding a case development. Additionally, it is common practice for an attorney to memorialize a phone

conversation with a letter and doing so would seem particularly appropriate in a consumer case like this one.  Therefore, I decline to reduce the fee award on the basis of this argument.

Fifth, Defendant contests a July 14, 2014, time entry for 1.5 hours reflecting that shortly after Defendant served its offer of judgment, Mr. Larson conferred with his client "re case," listened to "the audio recording" with her, reviewed case law regarding offers of judgment with her, and reviewed her current credit reports.  Doc. # 15-1 at 2-3.  Defendant argues that these tasks were duplicative and unreasonable.  I agree with respect to the audio recording.  The billing records reflect that Mr. Larson had already reviewed the recording with his client on May 5, 2014.  Doc. # 13-1 at 1.  In addition, the records reflect that Mr. Larson had already communicated with his client, by both phone and mail, regarding the offer of judgment, suggesting some repetition of efforts at the meeting.  I disagree that a review of updated credit reports was unnecessary; to the contrary, and as Plaintiff argues, it would seem prudent for counsel to ensure the reports had not changed and that Plaintiff had no additional claims against Defendant before accepting an offer of judgment.  Further, it was reasonable for Mr. Larson to explain case law regarding offers of judgment to his client.  Mr. Larson has "block billed" all of these tasks, so I must estimate the amount of time spent on the redundancies I have identified.  I conclude that a reduction of .5 hours from the 1.5 hours that Mr. Larson billed is appropriate.

Sixth, Defendant notes that Mr. Larson ignored emails dated June 15, 2014, and June 23, 2014, requesting Plaintiff's settlement demand.  Based on the emails produced by the parties, it appears Mr. Larson did not respond until July 10, 2014, by which time Defendant had already served an offer of judgment on Plaintiff.  Mr. Larson billed time for reviewing—and for communicating with his client regarding—both the ignored settlement emails and the eventual

offer of judgment.  It appears that Mr. Larson's delayed response unnecessarily multiplied communications regarding settlement.  I conclude that reducing the fee award by .5 hours to account for this is appropriate.  Relatedly, Defendant argues that it was unreasonable for Mr. Larson to spend .3 hours of time drafting proposed releases after Defendant served its offer of judgment.  I disagree.  The correspondence provided to the Court reflects that Mr. Larson drafted the releases for consideration by Defendant as an alternative to the offer of judgment and in an effort to settle the case on terms more favorable to Plaintiff than those provided in the offer of judgment.  *See* Doc. # 17-1 at 2.  Even though Plaintiff later accepted the offer of judgment and the releases proved unnecessary in hindsight, it was not unreasonable for Mr. Larson to spend .3 hours drafting them in an effort to secure a better result for his client.

Finally, Mr. Larson contests the amount of time Mr. Larson spent on the instant motion, arguing that Mr. Larson has prepared similar motions in other FDCPA cases and, accordingly, Plaintiff "should receive no more than 0.5 hours to change a few words in a few paragraphs." Resp. at 5 [Doc. # 15].  With her motion, Plaintiff provided time records indicating Mr. Larson spent 1.1 hours drafting the motion and attached affidavit.  Plaintiff also estimated that Mr. Larson would spend 3.0 hours reviewing Defendant's response and drafting a reply.  Plaintiff has not provided the exact amount of time he spent on these tasks.  Defendant has not objected to Plaintiff's request for fees based on an estimate and I am aware of nothing that precludes an award based on an estimate.  *See* Fed. R. Civ. P. 54(d)(2)(B)(iii); *Carter v. Sedgwick Cnty.*, 929 F.2d 1501, 1506 (10th Cir. 1991) (holding that "contemporaneous time records" are not a "per se absolute requirement"); *Gash v. Client Servs., Inc.*, 548 F. App'x 547, 549 (10th Cir. 2013) (noting that plaintiff's counsel should have included in motion for attorney's fees an estimate of

7

fees to be incurred in connection with the reply). However, it is still the fee applicant's burden to prove the reasonableness of the requested fees. *See Malloy*, 73 F.3d at 1018. While I do not find the 1.1 hours actually spent drafting the motion excessive, I do find the estimated 3.0 hours spent reviewing Defendant's response and drafting a reply excessive, particularly because this amount of time is not substantiated by any billing records. 3.0 hours far exceeds the 1.1 hours spent on the motion, even though both documents are of similar length. However, it appears the reply involved more case-specific analysis than the motion. I find that an award for 1.5 hours of work reflects the time reasonably spent reviewing the response and working on the reply. Accordingly, I reduce the requested 3.0 hours to 1.5 hours.

I note that I and other judges in this District have made similar reductions to Mr. Larson's requested fees in other FDCPA matters. *See White*, 2012 WL 899280, at *1, 5 (reducing the requested 13.4 hours to 9.9 hours); *Alexander*, 2014 WL 2993654, at *2, 4 (reducing 54.9 hours to 45.8 hours); *Varley*, 2012 WL 2107969, at *1, 2 (reducing 12.5 hours to 7.5 hours); *Feder v. Midland Credit Mgmt., Inc.*, No. 11–cv–02872–JLK, 2012 WL 266417, at *1 (D. Colo. Jan. 30, 2012) (reducing 11.9 hours to 8 hours).

## C. Lodestar Amount

For the reasons explained above, I find that Mr. Larson reasonably expended 10.6 hours on this case. This reflects the 13.1 hours sought less the 2.5 hours in reductions outlined above. 10.6 hours multiplied by Mr. Larson's reasonable hourly rate of $250.00 results in a lodestar amount of $2,650.00. The parties have not identified, and I do not perceive, any reason to deviate from the lodestar amount. *See Perdue,* 559 U.S. at 553 (noting that "the burden of proving that an enhancement is necessary must be borne by the fee applicant . . . [and] a fee

8

applicant seeking an enhancement must produce specific evidence that supports the award")

(internal quotations and citation omitted).  Accordingly, I award Plaintiff $2,650.00 in attorney's

fees.

### IV.  Conclusion

It is therefore **ORDERED** that Plaintiff's Motion for Attorneys Fees [Doc. # 13] is

**GRANTED** to the extent that Plaintiff is awarded $2,650.00 in attorney's fees, and is otherwise

**DENIED**.


DATED:  March   12  , 2015, at Denver, Colorado.


                              BY THE COURT:


                                 s/Lewis T. Babcock
                              LEWIS T. BABCOCK, JUDGE